UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DARYL LAMAR BERRY,

          Petitioner,

    v.

DONALD R. HOLBROOK,

         Respondent.

CASE NO. C18-1763-JLR-MAT

REPORT AND RECOMMENDATION

       Petitioner Daryl Lamar Berry, proceeding pro se, filed a petition for habeas corpus pursuant to 28 U.S.C. § 2254. (Dkts. 1 & 4.) Petitioner's habeas claim relates to the sentence imposed by King County Superior Court following his 2014 criminal conviction. (Dkt. 1.) As explained below, the petition should be dismissed as successive.

       Petitioner previously filed a habeas petition in this Court. The Court recently denied that petition and dismissed the case with prejudice. *Berry v. Holbrook*, C18-0502-RAJ-JPD (Dkts. 16, 18 & 21). In December 2018, petitioner submitted a notice of appeal in the Ninth Circuit Court of Appeals. (Dkt. 19.) The Ninth Circuit has not yet addressed whether a certificate of appealability should issue. (*See* Dkt. 20.)

REPORT AND RECOMMENDATION
PAGE - 1

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996, a petitioner must obtain authorization from the appropriate court of appeals in order to file a "'second or successive'" habeas petition challenging his or her custody. *Burton v. Stewart*, 549 U.S. 147, 152-53 (2007); 28 U.S.C. § 2244 (b)(3)(A). In the absence of such authorization, a district court lacks jurisdiction to consider a second or successive petition. *Id*.

It is apparent from a review of petitioner's current filing that he seeks to challenge the same conviction previously addressed by this Court. (*Compare* Dkt. 1, *with Berry*, C18-0502-RAJ-JPD, Dkts. 7 & 16.) As petitioner previously attempted to challenge this conviction, the instant petition must be deemed successive. This Court is without jurisdiction to consider such a petition or motion until the Ninth Circuit has authorized its filing. 28 U.S.C. § 2244(b)(3)(A).

Because the notice of appeal of petitioner's first habeas petition is still pending at the Ninth Circuit, the undersigned recommends the current successive petition be dismissed. *Cf.* 28 U.S.C. § 1631 (providing for transfer to cure for want of jurisdiction "if it is in the interest of justice"). Should petitioner desire to pursue this successive petition, he must file a motion for leave to proceed in the Court of Appeals, *see* § 2244(b)(3)(A), and must make the requisite showing required by § 2244(b)(2) and Ninth Circuit Rule 22-3.

In sum, the Court recommends the current petition and this matter be DISMISSED. The Court further directs that the Clerk STRIKE the pending amended *in forma pauperis* (IFP) application (Dkt. 5) as moot, and update the docket with petitioner's current mailing address. *See Berry*, C18-0502-RAJ-JPD, docket entry dated Jan. 14, 2019 (indicating petitioner has been released from confinement and that the docket in that case contains his current mailing address).[1]

---

[1] While the amended IFP application remains deficient (*see* Dkt. 4 (certification portion of application incomplete) & Dkt. 5), petitioner would not be able to remedy the deficiency given his release from confinement.

REPORT AND RECOMMENDATION
PAGE - 2

A proposed Order accompanies this Report and Recommendation.

## OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **March 15, 2019**.

DATED this 21st day of February, 2019.

Mary Alice Theiler
United States Magistrate Judge